# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| JAMES EDWARD BARRETT | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:15cv568 |
| | § | |
| COMMISSIONER, SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge, which contains her findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The Report and Recommendation (ECF 17) recommends that the decision of the Commissioner be affirmed and that the complaint be dismissed with prejudice. Plaintiff filed a written objection on July 20, 2017 and the Commissioner filed a response on August 3, 2017.

Plaintiff contends that the ALJ should have permitted him to subpoena or submit interrogatories to a non-examining State agency physician who completed a Physical Residual Functional Capacity Assessment. Due process concerns requiring such discovery and opportunity for cross-examination, however, is only triggered in relation to examining physicians who submit reports. *See, e.g., Lidy v. Sullivan*, 911 F.2d 1075, 1077 (5th Cir. 1990); *Bayer v. Colvin*, 557 Fed.Appx. 280, 286 (5th Cir. 2014). The physician at issue here, Dr. Rosenstock, reviewed the medical records and completed an agency form. He did not examine Plaintiff or submit a report. This claim of error lacks merit.

Plaintiff's objections additionally assert a new argument that the non-examining State agency physician's opinion, standing alone, cannot be substantial evidence to support the ALJ's decision. In the case relied upon by Plaintiff, however, the ALJ failed to address or even mention a treating physician's opinion and instead assigned great weight to the opinions of the non-examining medical experts. *See Kneeland v. Berryhill*, 850 F.3d 749, 761 (5th Cir. 2017). In contrast, the ALJ here considered and addressed each treating source and the consultative examiner's report. In addition, the ALJ expressly determined that the consultative examiner's opinion and the medical evidence in the record from Plaintiff's treating physicians is consistent with the non-examining physician's opinion.[1] The ALJ's finding is supported by substantial evidence.

Having made a *de novo* review of the objections filed by Plaintiff, the findings, conclusions and recommendation of the Magistrate Judge are correct and Plaintiff's objection is without merit. It is therefore

**ORDERED** that the Plaintiff's objections are **OVERRULED** and the Report and Recommendation (ECF 17) is **ADOPTED**. The decision of the Commissioner is **AFFIRMED** and this Social Security action is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that any motion not previously ruled on is **DENIED**.

So **ORDERED** and **SIGNED** this **22** day of **September, 2017.**

_____
Ron Clark, United States District Judge

---

[1] *See* Administrative Record, ECF 8-2, at *23–24.